# EXHIBIT B



6205 Shiloh Crossing, Suite C
Alpharetta, GA 30005
(770) 886-3207
www.momentumpmv.com

January 19, 2021

Curtis B. Miner, Esq.
Colson Hicks Edison
255 Alhambra Circle
Coral Gables, FL 33134

Re:  Riley v. Tesla
     Momentum PMV Project #9233

Please accept this letter as a biomechanical engineering report concerning the above-captioned matter. In this matter, I have reviewed the following client-supplied materials:

- Fort Lauderdale Police Department Traffic Homicide Investigation Report, Case Number 34-1805-072859
- National Transportation Safety Board (NTSB) Highway Accident Brief, Accident Number HWY18FH013
- NTSB File Documents
    - Addendum to the Transcribed Witness Interview with James Riley
    - Additional Witness Interviews
    - Battery and Vehicle Factual Report of Investigation
    - Crash Summary Report
    - Fire Damage Factual Report
    - Highway Accident Brief
    - Highway Factors Group Attachment - AADT Counts Data
    - Highway Factors Group Attachment - Highway Crash Data
    - Highway Factors Group Attachment - Highway Plan Sheets
    - Highway Factors Group Attachment - SRA1A Safety Review Study 2013
    - Highway Factors Group Attachment - SRA1A Speed Study 2015
    - Highway Factors Group Factual Report
    - Human Performance Attachment - Astronomical Data

- Human Performance Attachment - Driver Cellular Telephone Records
- Human Performance Attachment - Post-Mortem Toxicology Results
- Human Performance Attachment - Traffic Citation and Adjudication
- Human Performance Attachment - Weather Data, Station KFLL
- Human Performance Group Chairman's Factual Report
- Image Recorder - Specialist's Factual Report
- NTSB - Delegated Highway Accident Brief (HAB 1908)
- Preliminary Report
- State of Florida DAVID Record
- Survival Factors Attachment - Broward Sheriff Incident Summary
- Survival Factors Attachment - Ft Lauderdale Fire Rescue Incident Report
- Survival Factors Attachment - Interviews
- Survival Factors Attachment - Westway Towing List of Tesla Towing Operations
- Survival Factors Group Chairmans Factual Report
- Technical Reconstruction Group Attachment – Tesla EDR Report
- Technical Reconstruction Group Factual Report
- Technical Review Correspondence
- Vehicle Recorders - Specialist's Factual Report - Attachment 1
- Vehicle Recorders - Specialist's Factual Report
- Video Study
- Tesla Motors Crash Tests
    - 2014 Tesla Model S Dual Motor 5-Door Hatchback, TR-P34143-01-NC
    - 2013 Tesla Model S 5-Door Hatchback, New Car Assessment Program (NCAP) Side Impact Pole Test, NHTSA No: MD5001
    - 2013 Tesla Model S 5-Door Hatchback, New Car Assessment Program (NCAP) Moving Deformable Barrier Side Impact Test, NHTSA No: MD5002
- Broward County Medical Examiner Documents
    - Autopsy Report
    - Cause of Death Report
    - Investigation Report
- Plaintiff's Complaint
- Depositions
    - Alexander Berry, taken 2020-08-26, with exhibits
    - Adam Cohen, taken 2020-08-07
- Report of Robert J. Caldwell, January 18, 2021

In addition, I personally inspected the subject 2014 Tesla Model S on December 18, 2020.



Curtis B. Miner, Esq.  Riley v. Tesla
January 19, 2021  3

### Accident Description

According to the traffic homicide report and the NTSB Highway Accident Brief, the subject accident occurred at 6:46 pm on Tuesday, May 8, 2018, in the 1300 block of Seabreeze Boulevard in Fort Lauderdale, Florida. In the area of the collision, Seabreeze Boulevard is a generally north-south four-lane (two lanes northbound, and two lanes southbound) asphalt roadway with a bike lane in each direction (adjacent to the curbs), a center turn lane, and concrete curbs and sidewalks in each direction. Just north of the accident location, there is a left-handed curve for southbound traffic. At that approximate time and location, Mr. Barrett Riley was driving southbound in a 2014 Tesla Model S. Mr. Edgar Martinez occupied the right front passenger seat, and Mr. Alexander Berry occupied the second row right side passenger seat. Mr. Riley was in the left lane, passing another vehicle at a high rate of speed, and while moving back into the right lane lost control of his vehicle as he attempted to negotiate the curve. His vehicle departed the roadway to the west, struck the curb, sideswiped a wall, continued south and struck another residential driveway wall on the west side of the road. The vehicle then reentered the roadway, struck the east side curb and a metal light pole before coming to a final resting position. As a result of the crash sequence, the vehicle caught on fire. The 2014 Tesla Model S is an electric vehicle powered by lithium-ion batteries which caught fire. The police report notes the light condition at the time as "daylight," the weather condition as "clear," and the road surface as "dry." Messrs. Riley and Martinez were found deceased in the vehicle. The second row, right-side passenger, Mr. Berry, was ejected and treated at a hospital. The autopsy report for Mr. Riley indicates the cause of death as "thermal injuries with mild anthracosis in the lungs."

### Accident Sequence

I am relying upon the accident reconstruction performed by Robert Caldwell of Ponderosa Associates Limited. I understand from Mr. Caldwell's reconstruction that the Tesla experienced three impacts in this sequence: an initial, minor sideswipe with the west side wall with a 3.5 mph resultant delta-V and a principal direction of force (PDOF) of 45 degrees; a right frontal impact with a wall on the west side with a delta-V of 38 mph and a PDOF of 33-37 degrees; and a right-side impact with the landscaping and pole on the east side of the road with a delta-V of 16-21 mph.

### Impact Severity and Vehicle Occupant Space

While the subject Tesla in this case undergoes a series of three impacts, none of the impacts are of a likely fatal severity for an occupant seated in the driver's seating position. The initial sideswipe impact as indicated by Mr. Caldwell is minor and would not ordinarily present a significant life hazard for the driver. The second frontal impact of 38 mph delta-V with a PDOF of 33-37 degrees is of the approximate severity of New Car Assessment Program (NCAP) 35 mph frontal barrier impacts, upon which vehicles are rated by



Curtis B. Miner, Esq.  Riley v. Tesla
January 19, 2021  4

NHTSA for their Star ratings. The subject generation Tesla Model S showed good occupant injury measures for the driver's position in this test and received a 5-star rating. Also, in keeping with customary FMVSS 208 compliance requirements, Karco conducted an unbelted, 25 mph, 30 degree right angle barrier test for Tesla of the subject model vehicle. While the FMVSS 208 unbelted impact speed of 25 mph is below the subject vehicle delta-V, the unrestrained driver's dummy achieved good occupant injury criteria well below the injury threshold values with wide compliance margins. The final right side impact severity of 16-21 mph is again approximately in the range of standard FMVSS 214 moving barrier impact tests as well as Side NCAP pole testing. Those tests are aimed at near-side occupants seated proximally to the intruding obstacles and are not generally hazardous to far-side occupants like Mr. Riley. Taken individually, these three impacts do not pose an inherently high risk of severe injury or fatality for a restrained driver's seat occupant.

Based upon my inspection of the subject vehicle, the driver's occupant compartment exhibited no relevant impact-related survival space intrusion. Furthermore, interior structures surrounding the driver such as the steering wheel rim and column, instrument panel structural members, knee bolster area, and adjacent pillars showed no signs of serious occupant induced deformation or excessive contact loading. There were no signs of occupant overload of the restraint system either, such as strikethrough of the airbag onto the steering wheel or significant deformation of belt hardware structures. The inboard side of the right front passenger's seat showed no signs of significant driver's occupant contact as well. In sum, there was no apparent deformation or damage to the interior vehicle structures surrounding the driver's occupant compartment to indicate likely injurious or fatal driver contact.

Concomitantly, the driver's seatbelt latch plate was found in the buckle. The Tesla's event data recorder (EDR) also indicates that Mr. Riley was belted at the time of the accident. The Tesla's EDR further indicates that all of the deployable restraints (e.g. airbags & seat belt pretensioners) were commanded. The evidence thus indicates that Mr. Riley was a belt-restrained driver who also enjoyed the benefits of the vehicle's deployable restraints.

Figure 1 through Figure 6 are photographs taken at my inspection of the front of the subject Tesla Model S.



Curtis B. Miner, Esq.  Riley v. Tesla
January 19, 2021  5



**Figure 1: Inspection photograph of the subject Tesla Model S.**



**Figure 2: Inspection photograph of the subject Tesla Model S.**



Curtis B. Miner, Esq.  
January 19, 2021

Riley v. Tesla  
6



**Figure 3: Inspection photograph of the subject Tesla Model S.**



**Figure 4: Inspection photograph of the subject Tesla Model S.**



Curtis B. Miner, Esq.  Riley v. Tesla
January 19, 2021  7



**Figure 5: Inspection photograph of the inboard side of the front passenger's seat.**



**Figure 6: Inspection photograph of the driver's latch plate and buckle stalk.**



Curtis B. Miner, Esq.  Riley v. Tesla
January 19, 2021  8

**<u>Injuries and Injury Mitigation</u>**

At the time of the accident, Mr. Barrett Riley was an 18-year old male, 5' 9" tall and weighing 184 lbs. The autopsy indicates thermal injuries as the cause of death, with no other injuries listed. Importantly, the autopsy does not find any significant orthopedic or organic impact injuries. These findings are completely consistent with the occupant compartment and restraint evidence concerning Mr. Riley discussed above.

Given that Mr. Riley is a young restrained occupant of an ordinary height and weight with his occupant survival space maintained, he should likely enjoy the good impact injury outcomes predicted by the tests and confirmed by the lack of impact injuries noted at autopsy. Absent the vehicle fire, there is no expectation or evidence that Mr. Riley would have been fatally, or even seriously, injured in this crash.

The above conclusions and analyses are given to a reasonable degree of engineering certainty, and are based upon the documentation mentioned as well as my background, knowledge, and experience. These opinions may be modified or expanded should significant additional factual material become available.

My services in this matter have been conducted on a simple time and materials basis, at an hourly rate of $350 in 2020 and $375 in 2021. A copy of my current Curriculum Vitae including publications, and my four-year prior testimony list are incorporated by reference and included with this report. Please feel free to contact me if you have any further questions.

Yours sincerely,

MOMENTUM PMV, INC.

Kelly B. Kennett, MS

