UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-60517-Smith/Valle

JAMES B. RILEY, as Personal
Representative of the ESTATE OF
BARRETT RILEY, deceased,

    Plaintiff,

vs.

TESLA, INC., d/b/a
TESLA MOTORS INC.,

    Defendant.
_____/

## PLAINTIFFS' RESPONSE TO TESLA, INC.'s MOTION FOR RECONSIDERATION

Plaintiff James B. Riley, as Personal Representative of the Estate of Barrett Riley, deceased, responds in opposition to Tesla, Inc., d/b/a Tesla Motors, Inc.'s Motion for Reconsideration or Clarification of the Court's Order on Tesla's Motion for Summary Judgment on Causation as to Plaintiff's Battery Claim [Doc. 125] (the "Motion for Reconsideration.").

### BACKGROUND

Tesla vehicles are propelled by electric motors powered by rechargeable batteries. The Tesla Model S is equipped with and powered by a floor-mounted battery pack consisting of approximately 7,104 individual lithium-ion battery cells in 16 modules. (Doc. 39-8 at 28:16-29:14.)

Lithium-ion battery cells are known to be more prone to a condition referred to as "thermal runaway." (Doc. 39-8 at Ex. 2 at col. 1.) Thermal runaway occurs when the heat generated by an individual battery cell becomes great enough to lead to combustion of the battery as well as materials in proximity to the battery. (*See id.*) Thermal runaway can be initiated by a short circuit or by physical abuse of the cell, among other causes. (*See id.*) As one Tesla patent explains:

> When a battery undergoes thermal runaway, it typically emits a large quantity of smoke, jets of flaming liquid electrolyte, and sufficient heat to lead to the combustion and destruction of materials in close proximity to the cell. If the cell undergoing thermal runaway is surrounded by one or more additional cells as is typical in a battery pack, then a single thermal runaway event can quickly lead to the thermal runaway of multiple cells which, in turn, can lead to much more extensive collateral damage.

(*Id.*)

Tesla was aware of the risk of thermal runaway in its lithium-ion batteries. One of Tesla's own patents states: "Thermal runaway is of major concern since a single incident can lead to significant property damages and, in some circumstances, bodily harm or loss of life." (Doc. 39-8 at Ex. 2 at col. 1.) According to Tesla's own Emergency Response Guide, it can take 3,000 gallons of water, applied directly to the battery, to fully extinguish and cool down a battery fire; and, battery fires can take up to 24 hours to extinguish. (Doc. 39-9 at TESLA-00000528-00000555.)

Tesla was also well aware of steps that could be taken to mitigate the risk of thermal runaway in the design of its battery pack. Before it sold the Model S to James Riley, Tesla had applied for and obtained a patent for a design to mitigate or prevent

thermal runaway. Tesla is the assignee of U.S. Patent No. 7,763,381 B2 (issued July 27, 2010), titled "Cell Thermal Runaway Propagation Resistance Using Dual Intumescent Material Layers." Plaintiff's Statement of Facts ("SOF") [Doc. 39] ¶109. The design to mitigate the risk of thermal runaway was a battery assembly that includes a layer of intumescent material that coats the sidewall and bottom surface of the cell casing and a second layer coating that. (SOF ¶110.) An "intumescent" material expands when exposed to heat and absorbs the heat from the battery cell and prevents it from spreading. (Doc. 39-8 at 98:8-99:1, 109:11-110:7.)

Tesla failed to include its own patented safety measure in the 2014 Model S. (SOF ¶111.) Instead, it waited until later years and other models of its vehicles to use fire-retardant materials coating the battery cells and in the air gaps between the cells. (SOF ¶112.) This Court has ruled that "based on the admissible evidence, the undersigned concludes that there is a triable issue of fact on whether the vehicle's battery was defective based on the lack of intumescent material." Omnibus Order on Motion to Strike Expert Affidavits, Motions to Exclude Experts Under *Daubert*, and Motion for Summary Judgment [Doc. 117] ("Summary Judgment Order") at p. 38.

## LEGAL STANDARD

Tesla does not identify the Rule pursuant to which it brings the Motion for Reconsideration or discuss the applicable legal standard. That is likely because motions for reconsideration are disfavored. *See Velasco v. United States AG*, 156 Fed. Appx. 157, 159 (11th Cir. 2005). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002)

3

(internal citations omitted). Three grounds can justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See id.; Watkins v. Napolitano,* 2009 WL 10667435, at *1 (S.D. Fla. Dec. 2, 2009). Tesla is presumably relying on the third of these grounds. For a court to reconsider its prior judgment the moving party must present facts or law of a "strongly convincing nature" that would induce a court to reverse its prior decision. *Sussman v. Salem Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla 1994).

<u>ARGUMENT</u>

**TESLA HAS NOT SHOWN A BASIS FOR RECONSIDERATION
OF THE COURT'S SUMMARY JUDGMENT ORDER
ON PLAINTIFF'S BATTERY DEFECT CLAIM**

As an initial matter, in its Motion for Reconsideration, Tesla re-raises the same arguments that it made in its summary judgment motion. *Compare* Tesla's Motion for Summary Judgment [Doc. 34] at pp. 10-11 *with* Motion for Reconsideration at pp. 2-3. "This sort of motion for reconsideration has earned particular disfavor, insofar as it amounts to little more than a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Watkins v. Napolitano,* 2009 WL 10667435, at *1 (S.D. Fla. Dec. 2, 2009) (Dimitrouleas, J.) (citation omitted).

Regardless, there is evidence in the record supporting the proposition that the absence of intumescent material was the cause of thermal runaway propagation which resulted in the fire that killed Barrett Riley. Plaintiff has presented sufficient evidence to defeat summary judgment on the causation element of his defective

4

battery claim. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006) (court must consider all inferences drawn from the underlying facts in the light most favorable to the party opposing the summary judgment motion and resolve all reasonable doubts against the moving party).

First, Plaintiff's battery expert, Ralph White, presented testimony that the fire that consumed the car in question resulted from thermal runaway propagation in the lithium-ion battery pack. Dr. White testified that, in the pictures taken by Tesla's expert Ashish Aurora, "you can see very clearly from looking at the [battery] modules that were involved in the crash and the thermal runaway propagation in those modules." *See* White Deposition [Doc. 31-2] at p. 134:3-6. In addition, Dr. White describes a figure shown on page 16 of his report "and you can see that thermal runaway propagation occurred. The cells that are on the left of that picture . . . were affected by thermal runaway propagation. They were not crushed." *Id.* at p. 161:7-12.

Second, Tesla overlooks Dr. White's deposition testimony that, if the fire-retardant intumescent material had been used between the cells of the battery pack, the thermal runaway propagation "would probably not happen." White Deposition [Doc. 31-2] at p. 120:2. His full explanation of the causation mechanism was as follows:

> Q. What would the intumescent fire-retardant material actually do?
>
> A. Well, ***it would tend to prevent the thermal runaway propagation from cell-to-cell. It would act as a fire retardant***. What happens when we have thermal runaway out of an individual cell is oftentimes the cell will emit or eject the material that's inside the cell,

5

>including the electrolyte. And the electrolyte oftentimes because of the temperature and the possibility of a spark nearby will flame up.
>
>And so the flaming electrolyte then causes the cells nearby to heat up rapidly and so forth, and we have this propagation problem.
>
>***If there was fire-retardant material, then that would probably not happen***, and I think that's part of what they discovered by in 2011 when they were testing some of these materials.

White Deposition [Doc. 31-2] at 119:11-120:4 (emphasis added).

Dr. White's testimony is supported by Tesla's own patent relating to the use of intumescent material in battery packs. Before it sold the Model S to James Riley, Tesla had applied for and obtained a patent for a design to mitigate or prevent thermal runaway. Tesla is the assignee of U.S. Patent No. 7,763,381 B2 (issued July 27, 2010), titled "Cell Thermal Runaway Propagation Resistance Using Dual Intumescent Material Layers" (the "Patent") (SOF ¶109.) The Patent states that it provides "a means for inhibiting the propagation of thermal runaway within a plurality of batteries." Patent [DE 39-8] at Ex. 2 at col. 2. As Tesla's inventors put it, "the intent of the present invention is to minimize the effects of thermal runaway on cell s that are adjacent to the affected cell, thereby resisting thermal runaway propagation." *Id.* at col. 5:66-col. 6:2. Further, "[t]he inventors have found that use of an intumescent material applied directly to a cell as described [in the Patent] . . . provides significant resistance to the propagation of a thermal runaway event." *Id.* at col. 6:33-35. The Patent then discusses specific testing comparing the resistance to thermal runaway propagation of cells that *had* the intumescent coating with cells that *did not have it*: the cells with the coating successfully resisted thermal runaway,

6

while those without it did not. *See id.* at col. 6:53-col. 7. In short, Tesla's own Patent buttresses Dr. White's testimony.

Finally, as this Court noted in its ruling on Tesla's summary judgment motion, causation is a classic "jury issue":

> Ultimately, the question of proximate cause is for the jury unless reasonable persons could not differ in their determination of the question. *LeMaster v. Glock, Inc.*, 610 So.2d 1336, 1338 (Fla. 1st DCA 1992) (noting that where questions of negligence are close, any doubt should always be resolved in favor of a jury trial) (citations omitted). The circumstances under which a court may resolve the question of proximate cause as a matter of law are extremely limited. *LeMaster*, 610 So.2d at 1338.

Omnibus Order [Doc. 117] at p. 35.

In short, there is sufficient evidence of the but-for causal effect of the battery defect, and the Court correctly denied Tesla's motion for summary judgment on the battery defect claim. Tesla's Motion for Reconsideration should be denied

                        Respectfully submitted,

                        COLSON HICKS EIDSON, P.A.
                        255 Alhambra Circle, Penthouse
                        Coral Gables, FL 33134
                        Tel: (305) 476-7400

                    By: /s/     *Curtis B. Miner*
                          Curtis B. Miner
                          Fla. Bar No. 885681
                          curt@colson.com
                          Thomas Kroeger
                          tom@colson.com
                          Denise Georges
                          denise@colson.com

WASSON & ASSOCIATES, CHARTERED
Roy D. Wasson
*roy@wassonandassociates.com*
*e-service@wassonandassociates.com*
Courthouse Plaza—Suite 600
28 West Flagler Street
Miami, FL 33130
Tel: (305) 372-5220

*Attorneys for Plaintiff*