UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60517-VALLE

JAMES B. RILEY, as personal
Representative of the ESTATE
OF BARRETT RILEY, deceased,

    Plaintiff,

v.

TESLA, INC., d/b/a
TESLA MOTORS, INC.,

    Defendant.
_____/

## ORDER ON MOTION FOR RECONSIDERATION/CLARIFICATION

THIS MATTER is before the Court upon Tesla Inc.'s Motion for Reconsideration or Clarification of the Court's Order on Tesla's Motion for Summary Judgment on Causation as to Plaintiff's Battery Claim (ECF No. 125) (the "Motion"). On May 11, 2022, the Court entered its Omnibus Order (ECF No. 117) (the "Omnibus Order") that, among other things, partially granted Tesla's Motion for Summary Judgment. *Id.* 31-40. On June 3, 2022, Tesla filed the instant Motion requesting that the Court reconsider/clarify its ruling within the Omnibus Order on whether "Plaintiff carried his burden of evidence establishing a genuine issue of material fact as to whether a defect in the battery pack *caused* the fire that resulted." (ECF No. 125 at 2) (emphasis in original). For the reasons set forth below, the Motion is **GRANTED**.

In the Motion, Tesla does not challenge the undersigned's finding in the Omnibus Order that "Plaintiff . . . sustained his burden of creating a fact issue as to whether the battery was defective because its design did not incorporate 'intumescent material.'" *Id*. at 1. Rather, the Motion seeks to clarify whether the Omnibus Order adequately addressed the issue of causation.

*Id*. at 2.  In opposing the Motion and defending causation, Plaintiff argues that his expert (Dr. White) testified that the fire resulted from thermal runaway propagation and that the cells were not crushed.  (ECF No. 130 at 5).  Plaintiff further argues that had Tesla used intumescent material between the battery cells of the battery pack, thermal runaway propagation would "probably not happen."  *Id.*

Reconsideration of a previous order is an extraordinary remedy to be employed sparingly. *See Watkins v. BSO Deputy*, No. 18-CV-63165, 2019 WL 10947142, at *1 (S.D. Fla. Jan. 17, 2019) (citation omitted).  The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  *Id.*  Generally, there are three grounds that justify reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Id.*  Although Tesla does not identify any of the above grounds as the basis for its request to have the Court reconsider/clarify its prior ruling, the Court construes the Motion as based on the need to correct clear error.

To prove causation under a strict products-liability theory or a negligent-design theory, a plaintiff must demonstrate that the defective or unreasonably dangerous product "proximately caused his injury."  *Pierre v. Intuitive Surgical, Inc.*, 854 F. App'x 316, 319 (11th Cir. 2021) (citation omitted). The question of proximate cause is for the jury unless reasonable persons could not differ in their determination of the question.  *LeMaster v. Glock, Inc.*, 610 So.2d 1336, 1338 (Fla. 1st DCA 1992) (noting that where questions of negligence are close, any doubt should always be resolved in favor of a jury trial) (citations omitted).  Thus, the circumstances under which a court may resolve the question of proximate cause as a matter of law are extremely limited.  *LeMaster*, 610 So.2d at 1338.  Moreover, "Florida has adopted a preponderance

standard for causation in both negligence and strict liability actions; a mere *possibility* of causation is not enough." *Pierre*, 854 F. App'x at 319 (emphasis added). Therefore, if the matter is "one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant." *Id.*

Having reviewed Tesla's arguments and the Omnibus Order, the undersigned finds an inadvertent but material omission in the Omnibus Order, which the Court must correct. Although the Omnibus Order concludes that "there is a triable issue of fact on whether the vehicle's battery was *defective* based on the lack of intumescent material," (ECF No. 117 at 38), the Omnibus Order did not address whether the lack of intumescent material (an alleged defect) *caused* the fire at issue in this case. The undersigned has again reviewed Dr. White's testimony with this in mind and finds it insufficient to establish proximate cause.

At best, Dr. White testified that had Tesla used intumescent material, thermal runaway propagation "would probably not happen." (ECF No. 31-2) (White Dep. Tr. 119:25-120:2). Therefore, even if the Court considers all inferences drawn from Dr. White's opinion and testimony in the light most favorable to Plaintiff, there is insufficient evidence that the absence of intumescent material caused the fire. Similarly, there is no evidence that use of intumescent material (which may have cured the alleged defect) would have prevented the fire in this multi-impact, high speed crash. Simply put, Dr. White's testimony as to probabilities is insufficient to support the element of causation for Counts II (strict liability) and III (negligence) on the battery claim. Accordingly, this is one of the limited circumstances where the lack of evidence regarding the element of proximate cause prevents the battery claim from proceeding to trial. *Pierre,* 854 F. App'x at 321 (affirming grant of summary judgment on claim of defect where "the mere possibility of causation is not enough").

For the reasons set forth above, it is hereby **ORDERED AND ADJUDGED** that the Motion (ECF No. 125) is **GRANTED**. After reconsidering the analysis in the Omnibus Order, Tesla's Motion for Summary Judgment on Counts II (strict liability) and III (negligence) regarding the battery claim is **GRANTED**. Within 7 days from the date of this Order, Tesla must file a proposed amended Judgment consistent with this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on June 29, 2022.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record