## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60517-RS

JAMES B. RILEY, as personal
Representative of the ESTATE OF
BARRETT RILEY, deceased,

          Plaintiff,

v.

TESLA, INC., d/b/a
TESLA MOTORS, INC.,

          Defendant.

_____/

### <u>NOTICE OF FILING REVISED JOINT PROPOSED JURY INSTRUCTIONS</u>

Plaintiff, James B. Riley, as Personal Representative of the Estate of Barrett Riley and

Defendant, Tesla, Inc., d/b/a Tesla Motors, Inc. ("Tesla"), submit their revised requested jury

instructions. Plaintiff's objections to Defendant's instructions are designated in ***bold and italics***.

Defendant's objections to Plaintiff's instructions are designated in **<u>bold and underlined</u>**.

In submitting these instructions, the parties do not waive their objections to specific claims

or defenses and reserve the right to modify their requested instructions based on the evidence at

trial and the Court's rulings.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| ***/s/ Curtis Miner*** | ***/s/ Wendy F. Lumish*** |
| **CURTIS MINER** | **WENDY F. LUMISH** |
| Florida Bar No. 885681 | Florida Bar No. 334332 |
| **THOMAS KROEGER** | **VINCENT GALVIN** |
| **DENISE GEORGES** | *Pro Hac Vice* |
| Colson Hicks Eidson, P.A. | **ROBERT J. RUDOCK** |
| 255 Alhambra Circle, Penthouse | Florida Bar No. 365157 |
| Coral Gables, Florida 33134 | **WHITNEY V. CRUZ** |
| Tel: 305-476-7400 | Florida Bar No. 800821 |
| *Attorneys for Plaintiff* | Bowman and Brooke LLP |

Two Alhambra Plaza, Suite 800
Coral Gables, Florida 33134
Tel: 305-995-5600/Fax: 305-995-6090
*Attorneys for Defendant,*
*Tesla, Inc. a/k/a Tesla Florida, Inc.*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 1, 2022, the foregoing was filed using the

Court's CM/ECF system, which will send electronic notice of the same to all interested parties.

Respectfully submitted,

*/s/ Wendy F. Lumish*
**WENDY F. LUMISH**
Florida Bar No. 334332
**VINCENT GALVIN**
*Pro Hac Vice*
**ROBERT J. RUDOCK**
Florida Bar No. 365157
**WHITNEY V. CRUZ**
Florida Bar No. 800821
Bowman and Brooke LLP
Two Alhambra Plaza, Suite 800
Coral Gables, Florida 33134
Tel: 305-995-5600/Fax: 305-995-6090
*Attorneys for Defendant,*
*Tesla, Inc. a/k/a Tesla Florida, Inc.*

26458902

2

**PROPOSED JURY INSTRUCTIONS**

**TO BE GIVEN BEFORE OPENING STATEMENTS**

## JOINT PROPOSED JURY INSTRUCTION NO. 1.

## GENERAL PRELIMINARY INSTRUCTION

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

· the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

· the witness's memory;

· the witness's manner while testifying;

· any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. Barrett Riley was driving a 2014 Tesla Model S vehicle [**at a high rate of speed**] [***at a speed of 116 mph in a posted 25 mph zone***] when he lost control of the vehicle and crashed. Barrett Riley and the front seat passenger, Edgar Monserratt, died in the crash. Alexander Berry, who was not wearing a seatbelt, was ejected from the vehicle and survived the crash with injuries.

Plaintiff, James Riley as personal representative of the Estate of his son, Barrett Riley, claims that Tesla was negligent in disabling a speed limiter that Tesla had previously activated on

the vehicle at Plaintiff's request, without obtaining James Riley consent to disable it or telling James Riley that it had been disabled. Plaintiff claims that this alleged negligence was a legal cause of Barrett Riley's death.

Tesla denies that it was negligent in disabling the speed limiter or that the lack of a speed limiter was a cause of Barrett Riley's crash or death.

Tesla further contends that Barrett Riley was negligent in the operation of the vehicle, and his parents, James and Jenny Riley, were negligent in allowing their 18-year-old teenage son to operate the vehicle when they aware of his history of speeding *and reckless driving*, and that their negligence caused Barrett Riley's crash and death.

Burden of proof:

James Riley has the burden of proving his case by what the law calls a "preponderance of the evidence." That means James Riley must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring James Riley and the evidence favoring Tesla on opposite sides of balancing scales, James Riley needs to make the scales tip to his side. If James Riley fails to meet this burden, you must find in favor of Tesla.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Tesla has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Tesla must prove for any affirmative defense. After considering all the evidence, if you decide that Tesla has

successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

<u>Conduct of the Jury:</u>

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very

important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

<u>Course of the trial</u>:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, James Riley will present his witnesses and ask them questions. After James Riley questions the witness, Tesla may ask the witness questions – this is called "cross-examining" the witness. Then Tesla will present its witnesses, and James Riley may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

<u>Source</u>:          11th Cir. Pattern Jury Instr. 1.1 Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2020)

GIVEN          _____

DENIED          _____

## JOINT PROPOSED JURY INSTRUCTION NO. 2.

### JURY QUESTIONS

### (if it is the Court's practice to allow jury questions)

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**<u>Source</u>:**       Instruction 1.4, Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2020)

GIVEN          _____

DENIED        _____

**<u>JOINT PROPOSED JURY INSTRUCTION NO. 3.</u>**

**<u>STIPULATIONS</u>**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**<u>Source:</u>**      Instruction 2.1, Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2020)

GIVEN          _____

DENIED         _____

## JOINT PROPOSED JURY INSTRUCTION NO. 4.

### USE OF DEPOSITIONS

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Source:**     Instruction 2.2, Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2020)

GIVEN          _____

DENIED         _____

## JOINT PROPOSED JURY INSTRUCTION NO. 5.

## USE OF INTERROGATORIES

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath. You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

**Source:**      Instruction 2.6, Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2020)

GIVEN          _____

DENIED         _____

**PROPOSED JURY INSTRUCTIONS**

**TO BE GIVEN BEFORE CLOSING ARGUMENTS**

## JOINT PROPOSED JURY INSTRUCTION NO. 6.

## COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**Source:**      Instruction 3.1, Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2020)

GIVEN            _____

DENIED           _____

## JOINT PROPOSED JURY INSTRUCTION NO. 7.

## DUTY TO FOLLOW INSTRUCTIONS – CORPORATE PARTY INVOLVED

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**Source**:        Instruction 3.2.2, Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2020)

GIVEN            _____

DENIED          _____

## JOINT PROPOSED JURY INSTRUCTION NO. 8.

## CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE; ARGUMENT OF COUNSEL; COMMENTS BY COURT

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**Source:**       Instruction 3.3, Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2020)

GIVEN          _____

DENIED        _____

## JOINT PROPOSED JURY INSTRUCTION NO. 9.

## CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1.  Did the witness impress you as one who was telling the truth?

2.  Did the witness have any particular reason not to tell the truth?

3.  Did the witness have a personal interest in the outcome of the case?

4.  Did the witness seem to have a good memory?

5.  Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6.  Did the witness appear to understand the questions clearly and answer them directly?

7.  Did the witness's testimony differ from other testimony or other evidence?

**Source:**      Instruction 3.4, Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2020)

GIVEN          _____

DENIED         _____

## JOINT PROPOSED JURY INSTRUCTION NO. 10.

## IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Source:**      Instruction 3.5.1, Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2020)

GIVEN          _____

DENIED        _____

## JOINT PROPOSED JURY INSTRUCTION NO. 11.

## EXPERT WITNESS – WHEN EXPERT FEES REPRESENT A SIGNIFICANT PORTION OF THE WITNESS'S INCOME

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

**Source:**      Instruction 3.6.2, Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2020)

GIVEN          _____

DENIED        _____

**JOINT PROPOSED JURY INSTRUCTION NO. 12.**

**SUMMARY OF CLAIMS AND DEFENSES**

The claim and defenses in this case are as follows:

Plaintiff, James Riley claims that Tesla was negligent in disabling the speed limiter that Tesla had previously activated on the vehicle at Plaintiff's request, because it did so without obtaining James Riley's consent to disable it and without telling James Riley that it had been disabled. Plaintiff claims that this negligence was a legal cause of Barrett Riley's death.

Tesla denies that it was negligent in disabling the speed limiter or that the lack of a speed limiter was a cause of Barrett Riley's crash or death.

Tesla further claims that Barrett Riley was himself negligent in the operation and use of the subject vehicle, thereby causing or contributing to his death. Tesla also claims that Barrett's parents, James and Jenny Riley were negligent in allowing their 18-year-old teenage son to drive the vehicle when they aware of his history of speeding ***and reckless driving*** and that their negligence caused Barrett Riley's crash and death.

The parties must prove their claims by a preponderance of the evidence.

I will now define some terms you will use in deciding the case.

**Source**:        Fla. Std. Jury Instr. (Civ.) 403.2 (adapted to this case)

GIVEN           _____

DENIED         _____

## JOINT PROPOSED JURY INSTRUCTION NO. 13.

## RESPONSIBILITY FOR PROOF – PLAINTIFF'S CLAIMS – PREPONDERANCE OF THE EVIDENCE

In this case it is the responsibility of the Plaintiff to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

**Source**:      Instruction 3.7.1 Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2020)

GIVEN          _____

DENIED         _____

## JOINT PROPOSED JURY INSTRUCTION NO. 14.

## NEGLIGENCE

Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.

**Source**:          Fla. Std. Jury Instr. (Civ.) 403.9

GIVEN          _____

DENIED          _____

## JOINT PROPOSED JURY INSTRUCTION NO. 15.

## LEGAL CAUSE

*a.      Legal cause generally:*

Negligence is a legal cause of injury if it directly and in natural and continuous sequence produces or contributes substantially to producing such injury, so that it can reasonably be said that, but for the defect, the injury would not have occurred.

*b.      Concurring cause:*

In order to be regarded as a legal cause of injury, negligence need not be the only cause. Negligence may be a legal cause of injury even though it operates in combination with the act of another, some natural cause, some other cause if negligence contributes substantially to producing such injury.

**Source**:          Fla. Std. Jury Instr. (Civ.) 401.12

GIVEN               _____

DENIED             _____

## JOINT PROPOSED JURY INSTRUCTION NO. 16.

The issue for your consideration is whether Tesla was negligent in in disabling the speed limiter from the vehicle, and if so, whether that negligence was a legal cause of Barrett Riley's death.

**Source:**       Fla. Std. Jury Instr. (Civ.) 401.18.

GIVEN          _____

DENIED        _____

## JOINT PROPOSED JURY INSTRUCTION NO. 17.

## DEFENSE ISSUES

If a preponderance of the evidence does not support Mr. Riley's claim, your verdict should be for Tesla.

If, however, a preponderance of the evidence supports Mr. Riley's claim, then you shall consider the defenses raised by Tesla.

The first issue for you to decide is whether Barrett Riley was himself negligent in the operation and use of the subject vehicle; and, if so, whether that negligence was a contributing legal cause of his death.

The second issue for you to decide is whether James Riley was negligent in allowing his 18-year-old son to operate the vehicle when Mr. Riley was aware of his history of speeding ***and reckless driving***;  and, if so, whether that negligence was a contributing legal cause of the death of Barrett Riley.

The third issue for you to decide is whether Jenny Riley was negligent in allowing their 18-year-old teenage son to operate the vehicle when Mrs. Riley was aware of his history of speeding ***and reckless driving***; and, if so, whether that negligence was a contributing legal cause of the death of Barrett Riley.

**Source**:        Fla. Std. Jury Instr. (Civ.) 403.17, 403.18(a, c)

GIVEN            _____

DENIED         _____

## **TESLA'S PROPOSED JURY INSTRUCTION NO. 18.**

Section 316.1925(1), Florida Statutes provides: "Any person operating a vehicle upon the streets or highways within the state shall drive the same in a careful and prudent manner, having regard for the width, grade, curves, corners, traffic, and all other attendant circumstances, so as not to endanger the life, limb, or property of any person. Failure to drive in such manner shall constitute careless driving and a violation of this section."

Section 316.192 provides that driving in willful or wanton disregard for the safety of persons or property constitutes reckless driving.

Section 316.183(1), Florida Statutes, provides: "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event, speed shall be controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance or object on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."

Violation of this statute is evidence of negligence. It is not, however, conclusive evidence of negligence.  If you find that Barrett Riley violated this statute, you may consider that fact, together with the other facts and circumstances, in determining whether Barrett Riley was negligent.


**Source**:        Fla. Std. Jury Instr. (Civ.) 401.9; § 316.1925(1), 316.192, 316.183(1), Fla. Stats.

GIVEN            _____

DENIED          _____

## JOINT PROPOSED JURY INSTRUCTION NO. 19.

## BURDEN OF PROOF ON DEFENSE ISSUES

If the preponderance of the evidence does not support any of Tesla's defenses and the preponderance of the evidence supports Plaintiff's claim, then your verdict should be for James and Jenny Riley in the total amount of their damages.

If, however, the preponderance of the evidence shows that Tesla and Barrett Riley, and/or James Riley and/or Jenny Riley were negligent and that the negligence of each contributed as a legal cause of Barrett Riley's death, you should decide and write on the verdict form what percentage of the total negligence or responsibility you apportion to each of them.

**Source:**      Fla. Std. Jury Instr. (Civ.) 403.19

GIVEN          _____

DENIED        _____

## JOINT PROPOSED JURY INSTRUCTION NO. 20.

## WRONGFUL DEATH DAMAGES: INTRODUCTION

If your verdict is for Tesla, you will not consider the matter of damages. But if the preponderance of the evidence supports one or more of Plaintiff's claims, you should determine and write on the verdict form, in dollars, the total amount of damages which the preponderance of the evidence shows Barrett Riley's survivors sustained as a result of his death, including any damages that the survivors are reasonably certain to incur or experience in the future.

**Source**:      Fla. Std. Jury Instr. (Civ.) 502.1

GIVEN         _____

DENIED       _____

## JOINT PROPOSED JURY INSTRUCTION NO. 21.

## WRONGFUL DEATH DAMAGES

In determining any damages to be awarded to Barrett Riley's personal representative for the benefit of his parents, there is no exact standard for fixing the compensation to be awarded. Any such award should be fair and just in the light of the evidence regarding the following:

The mental pain and suffering of James and Jenny Barrett as a result of the death of Barrett Riley. In determining the duration of any future loss sustained by James and Jenny Riley by reason of the death of Barrett Riley, you may consider the joint life expectancy of James and Jenny Riley and Barrett Riley. The joint life expectancy is that period of time when both the decedent and a survivor would have remained alive. The mortality tables received in evidence may be considered, together with the other evidence in the case, in determining how long each may have been expected to live.

**Source**:      Fla. Std. Jury Instr. (Civ.) 502.2 (f), 502.6(b).

GIVEN          _____

DENIED          _____

**<u>JOINT PROPOSED JURY INSTRUCTION NO. 22.</u>**

**<u>COMPARATIVE NEGLIGENCE, NON-PARTY NEGLIGENCE</u>**

In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of Barrett Riley, James Riley or Jenny Riley. The court in entering judgment will make any appropriate reductions.

**<u>Source</u>:**       Fla. Std. Jury Instr. (Civ.) 501.4

GIVEN            _____

DENIED          _____

## JOINT PROPOSED JURY INSTRUCTION NO. 23.

## DUTY TO DELIBERATE WHEN ONLY THE PLAINTIFF CLAIMS DAMAGES

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case. Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone. Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with. Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case

**Source**:        Instruction 3.8.1, Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2020)

GIVEN          _____

DENIED        _____

**JOINT PROPOSED JURY INSTRUCTION NO. 24.**

**ELECTION OF FOREPERSON EXPLANATION OF VERDICT FORM**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court. A verdict form has been prepared for your convenience. [Explain verdict] Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom. If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**Source**:      Instruction 3.9, Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2018)

GIVEN          _____

DENIED          _____