# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60517-RS

JAMES B. RILEY, as personal
Representative of the ESTATE OF
BARRETT RILEY, deceased,

      Plaintiff,

v.

TESLA, INC., d/b/a
TESLA MOTORS, INC.

      Defendant.

_____/

## JOINT PROPOSED PUNITIVE DAMAGE JURY INSTRUCTIONS

## [NON-BIFURCATED TRIAL][1]

Plaintiff, James B. Riley, as Personal Representative of the Estate of Barrett Riley and Defendant, Tesla, Inc., d/b/a Tesla Motors, Inc. ("Tesla"), submit their requested punitive damage jury instructions.

With respect to the instructions labeled "Joint," Plaintiff's objections to Defendant's instructions are designated in ***bold and italics***. Defendant's objections to Plaintiff's instructions are designated in **<u>bold and underlined</u>**. With respect to the instructions labeled "Tesla," the parties will meet and confer to discuss further. In submitting these instructions, the parties reserve the right to modify these instructions to ensure consistency with the Court's rulings and the evidence at trial.

Moreover, Tesla submits these requested punitive damages instructions without waiving

---

[1] Tesla requests a non-bifurcated trial. Plaintiff requests bifurcation. Pending resolution of this issues, the parties have submitted instructions for both a bifurcated and non-bifurcated trial.

its contentions that, among other things, Plaintiff is not entitled to punitive damages against Tesla as a matter of Florida law; and that any verdict against Tesla, particularly one resulting from the Court's reliance solely upon the Florida Standard Jury Instruction (Civil) 503 would violate Tesla's rights under the Fifth and Fourteenth Amendments to the U.S. Constitution, and Tesla's rights under article 1, section 2 (Basic Rights), article I, section 9 (Due Process), article I, section 17 (Excessive Punishments).

Respectfully submitted,

| | |
|---|---|
| /s/ *Curtis Miner* | /s/ *Wendy F. Lumish* |
| **CURTIS MINER** | **WENDY F. LUMISH** |
| Florida Bar No. 885681 | Florida Bar No. 334332 |
| **THOMAS KROEGER** | **VINCENT GALVIN** |
| **DENISE GEORGES** | *Pro Hac Vice* |
| Colson Hicks Eidson, P.A. | **ROBERT J. RUDOCK** |
| 255 Alhambra Circle, Penthouse | Florida Bar No. 365157 |
| Coral Gables, Florida  33134 | **WHITNEY V. CRUZ** |
| Tel: 305-476-7400 | Florida Bar No. 800821 |
| *Attorneys for Plaintiff* | Bowman and Brooke LLP |
| | Two Alhambra Plaza, Suite 800 |
| | Coral Gables, Florida 33134 |
| | Tel: 305-995-5600/Fax: 305-995-6090 |
| | *Attorneys for Defendant,* |
| | *Tesla, Inc. a/k/a Tesla Florida, Inc.* |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 1, 2022, the foregoing was filed using the Court's CM/ECF system, which will send electronic notice of the same to all interested parties

Respectfully submitted,

*/s/ Wendy F. Lumish*
**VINCENT GALVIN**
*Pro Hac Vice*
**ROBERT J. RUDOCK**
Florida Bar No. 365157
**WENDY F. LUMISH**
Florida Bar No. 334332
**WHITNEY V. CRUZ**
Florida Bar No. 800821
Bowman and Brooke LLP
Two Alhambra Plaza, Suite 800
Coral Gables, Florida 33134
Tel: 305-995-5600/Fax: 305-995-6090
*Attorneys for Defendant,*
*Tesla, Inc. a/k/a Tesla Florida, Inc.*

26447186

**JOINT PROPOSED PUNITIVE DAMAGE JURY INSTRUCTION NO. 1.**

There is an additional claim in this case that you must decide. If you find for Plaintiff James Riley and against Tesla, you must decide whether, in addition to compensatory damages, punitive damages are warranted as punishment to Tesla and as a deterrent to others.

**Source:**   Fla. Std. Jury Instr. (Civ.) 503.2(a)

GIVEN            _____

DENIED          _____

## JOINT PROPOSED PUNITIVE DAMAGE JURY INSTRUCTION NO. 2.

Plaintiff James Riley claims that punitive damages should be awarded against Tesla for Halston Loyd's conduct in disabling the vehicle's speed limiter [**without inquiring why the limiter was enabled in the first place and failing to obtain James Riley's consent or tell James Riley that it had been disabled**].

Punitive damages are warranted if you find by clear and convincing evidence that Halston Loyd was personally guilty of gross negligence, which was a substantial cause of Barrett Riley's death, and that Tesla engaged in conduct that constituted gross negligence and that contributed to Barrett Riley's death. Under those circumstances, you may, in your discretion, award punitive damages against Tesla.

If clear and convincing evidence does not show such conduct by Halston Loyd, punitive damages are not warranted against Tesla.

In making this determination, "gross negligence" means that the conduct of Halston Loyd was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

**"Clear and convincing evidence" is a higher standard of proof than "preponderance of evidence" and means that the evidence must persuade you that the claim is highly probable or reasonably certain**. *"Clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.* Clear and convincing evidence differs from "the preponderance of the evidence" in that it is more compelling and persuasive. As I have already instructed you, "preponderance of the evidence" is something that is more likely true than not.

**Source**:    Fla. Std. Jury Instr. (Civ.) 503.2(b)(4); Instruction 1.2, Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2022)

GIVEN    \_\_\_\_\_

DENIED   \_\_\_\_\_

**TESLA PROPOSED PUNITIVE DAMAGE JURY INSTRUCTION NO. 3.**

Plaintiff has no right or entitlement to punitive damages. You may in your discretion decline to award punitive damages.

**Source**: Fla. Standard Jury Inst. 503.2(c); *Smith v. Wade*, 461 U.S. 30, 52 (1983) (punitive damages "are never awarded as of right, no matter how egregious the defendant's conduct. 'If the plaintiff proves sufficiently serious misconduct on the defendant's part, the question whether to award punitive damages is left to the jury, which may or may not make such an award.'"); *St. Regis Paper Co. v. Watson*, 428 So. 2d 243, 247 (Fla. 1983) (recognizing distinct purposes for compensatory and punitive damages and noting "a plaintiff has no right to punitive damages") (emphasis in original); *Chrysler Corp. v. Wolmer*, 499 So. 2d 823, 825 (Fla. 1986) (punitive damages not intended as means by which a plaintiff can recover extra damages); *Carraway v. Revell*, 116 So. 2d 16, 20 (Fla. 1959) (punitive damages are imposed "not as compensation … but as punishment").

GIVEN           _____

DENIED          _____

## **TESLA PROPOSED PUNITIVE DAMAGE JURY INSTRUCTION NO. 4.**

If you find that that Halston Loyd had an arguably legitimate reason for deactivating the speed limiter at Barrett Riley's request, punitive damages cannot be awarded.

**Source**: *See generally Am. Cyanamid Co. v. Roy*, 498 So. 2d 859, 861 (Fla. 1986) (evidence of mere negligence is not sufficient to warrant punitive damages); *Vinci Dev. Co. v. Connell*, 509 So. 2d 1128, 1133 (Fla. 2d DCA 1987) ("[e]ven a wrongful act committed by mistake in the good-faith assertion of a supposed right, but lacking malicious motive or wrong intention, will not support an award of punitive damages"); *Delta Painting v. Baumann*, 710 So. 2d 663, 666 n.2 (Fla. 3d DCA 1998) (same); *Tiger Point Golf & Country Club v. Hipple*, 977 So. 2d 608, 611 (Fla. 1st DCA 2007) (negligent failure to remove defective handrail insufficient to "evince the culpability required for punitive damages."); *Lilly v. Bronson,* 177 So. 218, 219 (Fla. 1937) (game warden not liable for punitive damages where he had an "honest belief" that he was acting appropriately); *Chrysler Corp. v. Wolmer*, 499 So. 2d 823, 825 (Fla. 1986) (approving directed verdict on punitive damages in manufacturer's favor where developmental test results did not give manufacturer actual knowledge that it was marketing an inherently dangerous product and the product satisfied performance standards during NHTSA compliance tests); *Fla. Ry. & Navigation Co. v. Webster*, 5 So. 714, 720 (Fla. 1889) ("What might constitute a 'very' bad track in the eye of one person, might not in the eye of another. So far as the facts that were given go, they are not sufficient, of themselves alone, to lead to so strong an opinion. Hence we do not think the case has the elements which call for exemplary damages.").

GIVEN        _____

DENIED       _____

## **TESLA PROPOSED PUNITIVE DAMAGE JURY INSTRUCTION NO. 5.**

Even if you find that Mr. Loyd made an honest mistake or error of judgment, that does not justify the award of punitive damages.

**Source**: *Vinci Dev. Co. v. Connell*, 509 So. 2d 1128, 1133 (Fla. 2d DCA 1987) ("Even a wrongful act committed by mistake in the good-faith assertion of a supposed right, but lacking malicious motive or wrong intention, will not support an award of punitive damages."); *Lilly v. Bronson,* 177 So. 218, 219 (Fla. 1937) (game warden not liable for punitive damages where he had an "honest belief" that he was acting appropriately); *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 7 (1991) (affirming Supreme Court of Alabama's opinion, which noted that punitive damages are not recoverable for misrepresentations made innocently or by mistake).

GIVEN        _____

DENIED       _____

## TESLA PROPOSED PUNITIVE DAMAGE JURY INSTRUCTION NO. 6.

Compensatory damages, although awarded to compensate a plaintiff for his injuries, also have the effect of punishing and deterring misconduct. Therefore, in determining whether and in what amount to award any punitive damages, you should consider the deterrence and punishment imposed solely by any compensatory damages you award.

**Source**: *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 426 (2003) ("Compensatory damages, however, already contain this punitive element."); *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986) ("Deterrence . . . operates through the mechanism of damages that are compensatory — damages grounded in determinations of plaintiffs' actual losses").

GIVEN            _____

DENIED           _____

## JOINT PROPOSED PUNITIVE DAMAGE JURY INSTRUCTION NO. 7.

If you decide that punitive damages are warranted against Tesla, then you must decide the amount of punitive damages, if any, to be assessed as punishment against Tesla and as a deterrent to others. This amount would be in addition to the compensatory damages you have previously awarded. In making this determination, you should decide any disputed factual issues by a preponderance of the evidence, meaning that something is more likely true than not.

In determining the amount of punitive damages, if any, to be assessed you should consider the following:

a.  *The nature, extent and degree of misconduct and the related circumstances, including the following:*

- Whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known to Mr. Loyd and Tesla; and

b.  *The financial resources of Tesla.*

You may in your discretion decline to assess punitive damages.

**Source:**     Fla. Std. Jury Instr. (Civ.) 503.2(c); Instruction 1.1, Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2022)

GIVEN        _____

DENIED       _____

11

## **TESLA PROPOSED PUNITIVE DAMAGE JURY INSTRUCTION NO. 8.**

Not all conduct that is subject to punishment is equally wrongful or deserving of the same punishment. In deciding what level or amount of punishment that conduct deserves, if any, you should consider how blameworthy Mr. Loyd's conduct was.

**Source:** See *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 419 (2003); *BMW, N.A. v. Gore*, 517 U.S. 559, 575-78 (1996) ("the most important indicium of the reasonableness of punitive damages award is the degree of reprehensibility of the conduct").

GIVEN        _____

DENIED       _____

## **TESLA PROPOSED PUNITIVE DAMAGE JURY INSTRUCTION NO. 9.**

If you decide to award punitive damages, the amount of any award must bear a reasonable relationship or proportion to the compensatory damages you have awarded.

**Source**: *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U. S. 408, 425-26 (2003) ("[C]ourts must ensure that the measure of punishment is both reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered"); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 580-581 (1996) ("The principle that exemplary damages must bear a 'reasonable relationship' to compensatory damages has a long pedigree. . . . Our decisions in both *Haslip* and *TXO* endorsed the proposition that a comparison between the compensatory award and the punitive award is significant."); *Langmead v. Admiral Cruises, Inc.*, 696 So. 2d 1189, 1194 (Fla. 3d DCA 1997) ("enormous disparity between the actual damages awarded . . . and the punitive damages awarded . . . has most certainly raised the 'suspicious judicial eyebrow[s]' of this Court").

GIVEN          \_\_\_\_\_

DENIED         \_\_\_\_\_

## TESLA PROPOSED PUNITIVE DAMAGE JURY INSTRUCTION NO. 10.

Tesla's wealth does not diminish its entitlement to all of the legal protections on which you have been instructed, and its financial resources alone do not justify a large punishment, or even any punishment. Moreover, you may not punish Tesla simply on the basis of its size. Rather, in determining the amount of punitive damages, you must focus on the nature, extent and degree of culpable misconduct, and the relationship between punitive damages and the amount of compensatory damages awarded.

**Source**: *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 417, 427-28 (2003) ("[E]lementary notions of fairness enshrined in our constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment, but also of the severity of the penalty that a State may impose."; "We have admonished that '[p]unitive damages pose an acute danger of arbitrary deprivation of property. Jury instructions typically leave the jury with wide discretion in choosing amounts and the presentation of evidence of a defendant's net worth creates the potential that juries will use their verdicts to express biases against big businesses . . . ."; "[T]he argument that State Farm will be punished in only the rare case, coupled with reference to its assets . . . had little to do with the actual harm sustained by the Campbell. The wealth of a defendant cannot justify an otherwise unconstitutional punitive damages ward."; courts cannot justify a punitive damages award based on defendant's "enormous wealth" because doing so is a "departure from well-established constraints on punitive damages"); *see also BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 585 (1996) ("[T]he fact that BMW is a large corporation rather than an impecunious individual does not diminish its entitlement to fair notice of the demands that the several states impose on the conduct of its business"); *Honda Motor Co., Ltd. v. Oberg*, 512 U.S. 415, 432 (1994) ("[T]he presentation of evidence of a defendant's net worth creates the potential that juries will use their verdicts to express biases against big businesses, particularly those without strong local presences."); *TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 464 (1993) ("[T]he emphasis on the wealth of the wrongdoer increase[s] the risk that the award. may have been influenced by prejudice against large corporations"); *Pulla v. Amoco Oil Co.*, 72 F.3d 648, 659 n. 16 (8th Cir. 1995) ("While a defendant's wealth may be taken into account in order to ensure that an award will adequately deter any future such conduct, a defendant's wealth cannot alone justify a large punitive damages award."); *Zazu Designs v. L'Oreal, S.A.*, 979 F.2d 499, 508 (7th Cir. 1992) ("Corporate assets finance ongoing operations and are unrelated to either the injury done to the victim or the size of the award needed to cause corporate managers to obey the law.").

GIVEN          _____

DENIED         _____