**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-cv-60517-RS**

JAMES B. RILEY, as personal
Representative of the ESTATE OF
BARRETT RILEY, deceased,

      Plaintiff,

v.

TESLA, INC., d/b/a
TESLA MOTORS, INC.

      Defendant.
_____/

**TESLA, INC, d/b/a TESLA MOTORS, INC'S**
**MEMORANDUM OF LAW IN OPPOSITION TO**
**<u>BIFURCATION OF THE ISSUE OF THE AMOUNT OF PUNITIVE DAMAGES</u>**

Defendant Tesla, Inc. d/b/a Tesla Motors, Inc., submits this Memorandum of Law in opposition to bifurcation of the amount of punitive damages, and requests that all issues be tried in one unified trial. In support, Tesla states as follows:

**<u>INTRODUCTION</u>**

Plaintiff seek punitive damages as to his claim that Tesla was negligent in deactivating the speed limiter.[1] As to this claim, the complaint however, only references punitive damages in the "wherefore clause," and Plaintiff did not include punitive damages as an issue of fact to be litigated at trial in the joint pretrial stipulation, nor did he offer punitive damage instructions when jury instructions were originally due. (*See* ECF 1 at ¶¶ 48-52). ECF 76 at 9). As such, Plaintiff's punitive damage claim has not been developed during this litigation.[2]

---

[1] Plaintiff abandoned his claim for punitive damages as to his battery defect theory, and in any event, that claim has been dismissed.

[2] The Court denied Tesla's motion for summary judgment on punitive damages without prejudice for procedural reasons. (ECF 117 at 39).

In response to the Court's order to submit any revisions to the parties' proposed jury instructions, Plaintiff proposed punitive damage jury instructions that assumed a bifurcated trial in which the amount of punitive damages if any, would be determined in a second phase. Plaintiff has neither moved for bifurcation, nor provided the Court with any legal basis or support for its bifurcated instructions. As set forth below, Tesla objects to bifurcation of the amount of punitive damages in this case.

I.  **TESLA WAIVES AND OPPOSES BIFURCATION OF THE ISSUE OF AMOUNT OF PUNITIVE DAMAGES**

Although Plaintiff has not filed a motion in support of bifurcation, Plaintiff's counsel advised Tesla that he intends to rely upon Federal Rule of Civil Procedure 42(b) which states that "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." *Id.* However, Plaintiff has not offered any explanation of why bifurcation would be expeditious in this case.

Indeed, the opposite is true. Under Rule 42(b), a ***unified trial*** will serve the interests of judicial efficiency and may shorten the trial of this case. *See Valdes v. Miami-Dade Cnty*., No. 12-22426-CIV, 2015 WL 7253045, at *13 (S.D. Fla. Nov. 17, 2015) (denying the plaintiff's request to bifurcate claim for punitive damages, where the defendant argued that bifurcation would waste the court's time and resources); *Brown v. Vivint Solar, Inc*., No. 818CV2838T24JSS, 2020 WL 2309869, at *3 (M.D. Fla. May 8, 2020) (denying motion to bifurcate where "a single trial promotes judicial economy due to the substantial overlap of evidence," noting that "the Court can give jury instructions to ensure that the jury is not confused by the evidence admitted at trial").

As in *Brown,* in a bifurcated trial here, it is likely that Plaintiff will seek to recall witnesses who already testified in the first phase of the trial. This will result in a needless expenditure of judicial time listening to repetitious testimony, and will place undue emphasis on that testimony.

Additionally, when evaluating bifurcation in the specific context of punitive damages trials, federal courts have considered the Florida Supreme Court's opinion in *W.R. Grace & Co. v. Waters*, 638 So. 2d 502 (Fla. 1994), which provides for specific protections for defendants in cases where a plaintiff alleges entitlement to punitive damages. *See, e.g.*, *B-K Cypress Log Homes Inc v. Auto-Owners Ins. Co.*, No. 1:09-CV-211-GRJ, 2012 WL 13018500, at *2 (N.D. Fla. May 10, 2012) ("Although the *W.R. Grace* procedure is not binding on a federal court, it has been applied to punitive damages claims under Florida law in appropriate cases.").

In *W.R. Grace*, the Florida Supreme Court announced a bifurcation procedure, predicated on concerns for the constitutional due process rights of the defendant and potential prejudice to the defendant, if evidence of prior punitive damage awards against that defendant were admitted into evidence at the trial on liability. *Id.* at 505-06 ("We recognize that defendants in mass tort litigation who are forced to litigate the issue of liability and punitive damages in the same proceedings are at a severe disadvantage.").

Tesla submits that *W.R. Grace* cannot be used as support for bifurcation here.

First, bifurcating the issue of the amount of punitive damages, as contemplated by *W.R. Grace*, was intended to protect defendants who sought to offer evidence of prior punitive awards. That is not the circumstance here.

Likewise, taking a broader view of *W. R. Grace*, its concern was prejudicing a defendant by allowing the introduction of evidence as to the proper amount of an award of punitive damages in a way that could influence the jury's assessment of liability. But again, if it is a

protection that is designed for a defendant, then the defendant should be permitted to waive that "protection." In this case, Tesla believes that bifurcation as contemplated by *W.R. Grace* has the effect of causing undue prejudice. First, as described above, it likely will give Plaintiff a second opportunity to present witnesses who will simply repeat their prior testimony. Additionally, a bifurcated trial necessarily places undue emphasis on a defendant's financial condition even though that is not one of the three guideposts set forth by the United States Supreme Court in evaluating amounts of punitive damages. *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996) (identifying guideposts in evaluating whether a defendant has received "fair notice" of the magnitude of the punitive sanction to be imposed: (1) the degree of reprehensibility of the conduct, (2) the relationship between the punitive damages and the actual or potential harm to the plaintiff; and (3) the disparity between the punitive damages and the civil penalties for comparable conduct.).

Indeed, the Supreme Court has admonished that "punitive damages pose an acute danger of arbitrary deprivation of property" and has cautioned courts not to "depart[] from well-established constraints on punitive damages" by allowing a defendant's wealth or assets to justify an otherwise unconstitutional punitive award. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 417, 427-28 (2003) (internal citations omitted). "'[T]he presentation of evidence of a defendant's net worth creates the potential that juries will use their verdicts to express biases against big businesses, particularly those without strong local presences.'" *Campbell*, 538 U.S. at 417 (quoting *Honda Motor Co. v. Oberg*, 512 U.S. 415, 432 (1994)). Any emphasis on their financial conditions "increase[s] the risk that the award may . . . [be] influenced by prejudice against large corporations, a risk that is of special concern when the defendant is a nonresident." *TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 464 (1993).

Because Tesla does not believe that it would benefit from this type of bifurcation, and in fact, believes it would be prejudiced by bifurcation, it should be permitted to waive any such benefit.

## CONCLUSION

Tesla respectfully waives the right to bifurcation and requests a unified trial in which compensatory and punitive damage issues would be submitted to the jury at one time.

    Respectfully submitted,

*/s/ Wendy F. Lumish*
**WENDY F. LUMISH**
Florida Bar No. 334332
**VINCENT GALVIN**
*Pro Hac Vice*
**ROBERT J. RUDOCK**
Florida Bar No. 365157
**WHITNEY V. CRUZ**
Florida Bar No. 800821
Bowman and Brooke LLP
Two Alhambra Plaza, Suite 800
Coral Gables, Florida 33134
Tel: 305-995-5600/Fax: 305-995-6090
*Attorneys for Defendant,*
*Tesla, Inc. a/k/a Tesla Florida, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 1, 2022, the foregoing was filed using the Court's CM/ECF system, which will send electronic notice of the same to all interested parties

Respectfully submitted,

***/s/ Wendy F. Lumish***
**VINCENT GALVIN**
*Pro Hac Vice*
**ROBERT J. RUDOCK**
Florida Bar No. 365157
**WENDY F. LUMISH**
Florida Bar No. 334332
**WHITNEY V. CRUZ**
Florida Bar No. 800821
Bowman and Brooke LLP
Two Alhambra Plaza, Suite 800
Coral Gables, Florida 33134
Tel: 305-995-5600/Fax: 305-995-6090
*Attorneys for Defendant,*
*Tesla, Inc. a/k/a Tesla Florida, Inc.*

26466942