UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60517-VALLE

JAMES B. RILEY, as personal
Representative of the ESTATE
OF BARRETT RILEY, deceased,

    Plaintiff,

v.

TESLA, INC., d/b/a
TESLA MOTORS, INC.,

    Defendant.
_____/

## ORDER REGARDING BIFURCATION OF THE ISSUE OF PUNITIVE DAMAGES

Shortly before the calendar call held on July 1, 2022, Tesla alerted the Court that the parties dispute whether the trial should be bifurcated on the issue of punitive damages on Count I. *Compare* (ECF No. 139) (Tesla's Memorandum in Opposition to Bifurcation on the Issue of the Amount of Punitive Damages ("Tesla's Memorandum"), *with* (ECF No. 145) (Plaintiff's Response to Tesla's Memorandum). The issue first arose in Plaintiff's submission of amended proposed jury instructions, which contemplated a bifurcated trial on punitive damages. *See* (ECF No. 140) (Plaintiff's Proposed Punitive Damages Jury Instructions -- Bifurcated Trial). In relevant part, the Court has previously ruled that "for procedural reasons and in light of the allegations of 'outrageous' conduct in the Complaint, the issue of whether there is sufficient evidence to prove punitive damages under Count I is better addressed at the conclusion of the evidence . . . ." (ECF No. 117 at 40).

Under Rule 42(b) of the Federal Rules of Civil Procedure, a court may order a separate trial of "one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" for "convenience, to avoid prejudice, or to expedite and economize." Rule 42(b) "confers broad discretion on the district court" to permit bifurcation when it furthers convenience. *Harrington v. Cleburne Cty.*

*Bd. of Educ.*, 251 F.3d 935, 938 (11th Cir. 2001). Ultimately, "[w]hether to bifurcate a trial is a matter to be decided on a case-by-case basis and must be subject to an informed discretion by the trial judge in each instance." *Brown v. Toscano*, 630 F. Supp. 2d 1342, 1345 (S.D. Fla. 2008) (citation omitted)

Upon a review of the filings and the relevant case law, the Court exercises its discretion and concludes that the trial in this matter should proceed as a unified trial. First, although Plaintiff responded to Tesla's Memorandum and submitted proposed jury instructions for a "bifurcated trial," he never filed a motion to bifurcate with the Court. Accordingly, Plaintiff's belated attempt to have a bifurcated trial based on submission of proposed jury instructions is unpersuasive. Moreover, although the form of evidence remains to be determined and the parties may continue to confer regarding evidentiary issues, the Court is unpersuaded that bifurcated trials are routine or that convenience and trial economy in this case warrant bifurcation. Additionally, if necessary, the Court can give an instruction to ensure that any potential confusion regarding the evidence admitted at trial or Tesla's financial net worth is properly before the jury. *See, e.g., Brown v. Vivint Solar, Inc.*, No. 18-CV-2838-T-24JSS, 2020 WL 2309869, at *3 (M.D. Fla. May 8, 2020) (noting that any potential confusion may be addressed through appropriate jury instructions); *Zarfaty v. Garden Fresh Rest. Corp.*, No. 15-CV-60268, 2019 WL 5617937, at *2 (S.D. Fla. Oct. 31, 2019) (same); *Valdes v. Miami-Dade Cnty.*, No. 12-CV-22426, 2015 WL 7253045, at *13 (S.D. Fla. Nov. 17, 2015) (concluding that the jury can be instructed to consider financial and net worth evidence if it determines punitive damages are warranted).

For the reasons set forth above, trial in this matter will proceed as a unified trial.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on July 5, 2022.

*Alicia O. Valle*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record