**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 20-CV-60517-RS

JAMES B. RILEY, as personal
Representative of the ESTATE OF
BARRETT RILEY, deceased,

      Plaintiff,

v.

TESLA, INC., d/b/a
TESLA MOTORS, INC.,

      Defendant.
_____/

**TESLA, INC, d/b/a TESLA MOTORS, INC.'S
MEMORANDUM OF LAW DIRECTED TO THE STANDARD FOR IMPOSING
PUNITIVE DAMAGES**

Tesla, Inc. d/b/a Tesla Motors Inc. files this memorandum of law addressing the standard for imposing punitive damages in this case.

**MEMORANDUM OF LAW**

Plaintiff claims that Tesla is vicariously liable for punitive damages based on the conduct of Tesla's Service Center employee, Halston Loyd, in deactivating the speed limiter. This memorandum supplements Tesla's oral Motion For Judgment As A Matter Of Law on the issue of punitive damages.[1]

**I.    FLORIDA'S STRINGENT STANDARD FOR PUNITIVE DAMAGES**

    **A.    Florida Requires An Extremely High Degree Of Culpability Before Punitive Damages Will Be Appropriate**

---

[1] Tesla will also address other grounds for judgment as a matter of law during its oral Rule 50 motion.

In 1999, the Florida Legislature amended section 768.72 to codify Florida's stringent test for punitive damages, and to "raise the common law standard of culpability required to hold the defendant liable for punitive damages." Fla. House of Rep. Comm. on Judiciary, Final Analysis, H.B. 775, Ch. 99-225, at 17. Under section 768.72(2):

> A defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence. As used in this section, the term:
>
> (a) "Intentional misconduct" means that the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage.
>
> (b) "Gross negligence" means that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

§ 768.72(2) (a) and (b), Fla. Stat.

To start, clear and convincing evidence is "considerably more rigorous" than preponderance of the evidence. *Lee Cnty. v. Sunbelt Equities, II, Ltd. P'ship*, 619 So. 2d 996, 1006 n.13 (Fla. 2d DCA 1993). It is "evidence which is positive, precise and explicit, which tends directly to establish the point to which it is adduced and is sufficient to make out a prima facie case." *Slomowitz v. Walker*, 429 So. 2d 797, 800 (Fla. 4th DCA 1983)

As to the type of conduct which will constitute a basis for punitive damages, the statute is consistent with earlier Florida Supreme Court decisions requiring an extremely high level of misconduct to support punitive damages.

The character of negligence necessary to sustain an award of punitive damages must be of a gross and flagrant character, evincing reckless disregard of human life, or of the safety of the persons exposed to its dangerous effects, or there is an entire want of care which would raise the presumption of conscious indifference to consequences, or which shows wantonness or

recklessness, or a grossly careless disregard of the safety and welfare of the public, or the reckless indifference to the rights of others which is equivalent to an intentional violation of them.

*White Constr. Co. v. Dupont*, 455 So. 2d 1026, 1028-29 (Fla. 1984) *receded from on other grounds,* 766 So. 2d 1010, 1027-31 (Fla. 2000) (citations omitted).

Stated another way, punitive damages are only proper where the defendants conduct "enters the realm of wanton intentionality, exaggerated recklessness, or such an extreme degree of negligence as to parallel an intentional and reprehensible act." *Am. Cyanamid Co. v. Roy*, 498 So. 2d 859, 861 (Fla. 1986); *Valladares v. Bank of Am. Corp.*, 197 So. 3d 1, 11 (Fla. 2016) (finding that the Supreme Court "has recognized that the required level of negligence for punitive damages ***is equivalent to the conduct involved in criminal manslaughter***"); *Naso v. Hall*, 2022 WL 1397411, (Fla. 4th DCA May 4, 2022) (affirming denial of motion to amend to add punitive damages where conduct "was not close to criminal in any respect").

There is no question that evidence of mere negligence does not rise to the requisite level to warrant a claim for punitive damages. *See, e.g., Roy*, 498 So. 2d at 861. Punitive damages are intended to punish knowing or willful violations of others' rights, and thus, they are inappropriate when a defendant simply makes a mistake in judgment. *See, e.g., Vinci Dev. Co. v. Connell*, 509 So. 2d 1128, 1133 (Fla. 2d DCA 1987) ("[e]ven a wrongful act committed by mistake in the good-faith assertion of a supposed right, but lacking malicious motive or wrong intention, will not support an award of punitive damages"); *Delta Painting v. Baumann*, 710 So. 2d 663, 666 n.2 (Fla. 3d DCA 1998) (same); *Lilly v. Bronson,* 177 So. 218, 219 (Fla. 1937) (game warden not liable for punitive damages where he had an "honest belief" that he was acting appropriately).

Moreover, given this high burden, if there is a reasonable disagreement as to whether the decisions made by the defendant/agent were reasonable, then punitive damages are not

appropriate. In other words, if reasonable people acting in good faith could decide an issue either way, it cannot be said that the decision itself reflects intentional misconduct or a conscious disregard for safety. *See Florida Ry. & Navigation Co. v. Webster*, 5 So. 714, 720 (Fla. 1889) ("What might constitute a 'very' bad track in the eye of one person, might not in the eye of another. So far as the facts that were given go, they are not sufficient, of themselves alone, to lead to so strong an opinion. Hence we do not think the case has the elements which call for exemplary damages").

Faced with this high standard, multiple courts have refused to permit punitive damages. For example, in *Estate of Williams ex rel. Williams v. Tandem Health Care of Fla., Inc.*, 899 So. 2d 369, 377-78 (Fla. 1st DCA 2005), the plaintiff sought punitive damages against a nursing home based on the conduct of a nurse who left a patient unattended on a toilet while she answered other residents' calls. The patient died as a result of a fall. The nurse testified that she did not know that the patient was at high risk of falling and had she known, she would have taken special precautions. *Id.* at 377. The court found that this did not satisfy the standard of demonstrating conduct that was willful, wanton, gross or flagrant, reckless, or with conscious indifference to the rights of the patient.

Other cases are in accord. *See, e.g., Tiger Point Golf & Country Club v. Hipple*, 977 So. 2d 608, 611 (Fla. 1st DCA 2007) (negligent failure to remove defective handrail insufficient to "evince the culpability required for punitive damages."); *Florida Power and Light Co. v. Dominguez*, 295 So. 3d 1202, 1206 (Fla. 2d DCA 2019) (punitive damages improper in a wrongful death action because FPL's failure to maintain bamboo growing under power lines did not constitute punitive conduct "so reckless or wanting in care that it constitutes a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct."); *Gerber*

4

*Children's Centers, Inc. v. Harris ex rel.,* 484 So. 2d 91, 91-92 (Fla. 5th DCA 1986) (injuries sustained by a toddler who fell out of a window did not warrant punitive damages even though several employees warned defendant's management that the window's glass was unsafe); *Orlando Executive Park, Inc. v. P.D.R.,* 402 So. 2d 442, 451 (Fla. 5th DCA 1981) (landlord failed provide security at motel, despite fact that 36 criminal incidents had occurred at the location within the six months prior to the plaintiff's injury); *Ten Assoc. v. Brunson*, 492 So. 2d 1149 (Fla. 3rd DCA 1986) (although owner of apartment complex was negligent with respect to security system by leaving vacant units unlocked and hiring only a few untrained security guards, court found this to be insufficient to support punitive damages and reversed award).

### B. <u>Vicarious Liability for Punitive Damages</u>

As it relates to a corporation, liability for punitive damages can be either direct or vicarious. § 768.72; *Schropp v. Crown Eurocars, Inc*., 654 So. 2d 1158, 1159 (Fla. 1995). Here, Plaintiff seeks punitive damages based on vicarious liability.

Under the theory of vicarious liability, punitive damages may be imposed for the conduct of an employee or agent only if the conduct of the employee or agent is grossly negligent or intentional as defined in section 768.72(2), ***and*** there is a finding that:

(a) The employer, principal, corporation, or other legal entity actively and knowingly participated in such conduct;

(b) The officers, directors, or managers of the employer, principal, corporation, or other legal entity knowingly condoned, ratified, or consented to such conduct; or

(c) The employer, principal, corporation, or other legal entity engaged in conduct that constituted gross negligence and that contributed to the loss, damages, or injury suffered by the claimant.

§ 768.72(3) (1999).

Here Plaintiff seeks punitive damages based on the alleged gross negligence of Halston Loyd and subsection (c) above.

## CONCLUSION

As Tesla will demonstrate when arguing its Motion For Judgment As a Matter of Law, there is no clear and convincing evidence to establish gross negligence (i.e. conduct equivalent to criminal manslaughter) on the part of Halston Loyd. And, further, there is no evidence that Tesla engaged in conduct that was grossly negligent.

Respectfully submitted,

*/s/ Robert J. Rudock*
**VINCENT GALVIN**
*Admitted Pro Hac Vice*
**ROBERT J. RUDOCK**
Florida Bar No. 365157
**WENDY F. LUMISH**
Florida Bar No. 334332
**WHITNEY V. CRUZ**
Florida Bar No. 800821
Bowman and Brooke LLP
Two Alhambra Plaza, Suite 800
Coral Gables, Florida 33134
Tel: 305-995-5600/Fax: 305-995-6090
*Attorneys for Defendant, Tesla, Inc. a/k/a Tesla Florida, Inc. and Halston Loyd*

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on July 12, 2022, a true and correct copy of the foregoing document was filed with the Clerk of Court using the Florida Courts e-Filing Portal which will send an automatic e-mail message to all parties who have registered with the e-Filing Portal.

*/s/ Robert J. Rudock*
Robert J. Rudock