# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60517-RS

JAMES B. RILEY, as personal
Representative of the ESTATE OF
BARRETT RILEY, deceased,

    Plaintiff,

v.

TESLA, INC., d/b/a
TESLA MOTORS, INC.,

    Defendant.

_____/

## TESLA'S NOTICE OF FILING
## SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

Defendant, Tesla, Inc., d/b/a Tesla Motors, Inc. ("Tesla"), files these proposed supplemental jury instructions which were addressed and ruled upon at the charge conference on July 14, 2022.

Respectfully submitted,

*/s/ Wendy F. Lumish*
**WENDY F. LUMISH**
Florida Bar No. 334332
**VINCENT GALVIN**
*Pro Hac Vice*
**ROBERT J. RUDOCK**
Florida Bar No. 365157
**WHITNEY V. CRUZ**
Florida Bar No. 800821
Bowman and Brooke LLP
Two Alhambra Plaza, Suite 800
Coral Gables, Florida 33134
Tel: 305-995-5600/Fax: 305-995-6090
*Attorneys for Defendant,*
*Tesla, Inc. a/k/a Tesla Florida, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 17, 2022, the foregoing was filed using the Court's CM/ECF system, which will send electronic notice of the same to all interested parties.

Respectfully submitted,

*/s/ Wendy F. Lumish*
**WENDY F. LUMISH**
Florida Bar No. 334332
**VINCENT GALVIN**
*Pro Hac Vice*
**ROBERT J. RUDOCK**
Florida Bar No. 365157
**WHITNEY V. CRUZ**
Florida Bar No. 800821
Bowman and Brooke LLP
Two Alhambra Plaza, Suite 800
Coral Gables, Florida 33134
Tel: 305-995-5600/Fax: 305-995-6090
*Attorneys for Defendant,*
*Tesla, Inc. a/k/a Tesla Florida, Inc.*

## **TESLA PROPOSED JURY INSTRUCTION NO. 1.**

There is no claim in this case that the Tesla vehicle or any of its component parts were defective or that any defect caused the fire.

**Source:**

GIVEN      \_\_\_\_\_

DENIED    \_\_\_\_\_

## **TESLA'S PROPOSED JURY INSTRUCTION NO. 2.**

Under Florida law, a repair shop is not required to provide a written repair estimate if the estimate is under $100. Further, whether or not a written repair estimate is required, the customer is the person who requests the shop to perform the work.

**Source:**   § 559.903, 559.905, Fla. Stats.; *Government Employees Insurance Co v. Glassco Inc.*, 2020 WL 13358054.

GIVEN   _____

DENIED   _____

## TESLA'S PROPOSED JURY INSTRUCTION NO. 3.

In making the determination as to whether Tesla was negligent, you should consider whether Barrett had apparent authority to authorize work on the 2014 Model S. Barrett was an apparent agent of his father if, by Jim Riley's words or conduct, he caused or allowed Tesla to believe that Barrett had authority to act for him, and if Tesla justifiably relied upon that belief in dealing with Barrett as the agent of Jim Riley.

**Source:**   Fla. Std. Jury Instr. (Civ.) 401.14(b)(1); (modified)

GIVEN   _____

DENIED   _____

**JOINT PROPOSED JURY INSTRUCTION NO. 4.**

**(replacing proposed instruction 20)**

**WRONGFUL DEATH DAMAGES: INTRODUCTION**

If your verdict is for Tesla, you will not consider the matter of damages. But if the preponderance of the evidence supports one or more of Plaintiff's claims, you should determine and write on the verdict form, in dollars, the total amount of damages which the preponderance of the evidence shows Barrett Riley's survivors sustained as a result of his death, including any damages that the survivors are reasonably certain to incur or experience in the future.

Under Florida law, the only survivors who are entitled to recover are Barrett Riley's parents. Accordingly, you may only award Jim and Jenny Riley damages for their injuries, and you may not award them damages for any injuries sustained by other family members.

**Source:**       Fla. Std. Jury Instr. (Civ.) 502.1

GIVEN            _____

DENIED           _____