UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60517-VALLE

JAMES B. RILEY, as personal
Representative of the ESTATE OF
BARRETT RILEY, deceased,

    Plaintiff,

v.

TESLA, INC., d/b/a
TESLA MOTORS, INC.,

    Defendant.
_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

## DUTY TO FOLLOW INSTRUCTIONS – CORPORATE PARTY INVOLVED

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

## CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE; ARGUMENT OF COUNSEL; COMMENTS BY COURT

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## **CREDIBILITY OF WITNESSES**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

## IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## EXPERT WITNESS – WHEN EXPERT FEES REPRESENT A SIGNIFICANT PORTION OF THE WITNESS'S INCOME

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

## SUMMARY OF CLAIMS AND DEFENSES

The claim and defenses in this case are as follows:

Plaintiff, James Riley claims that Tesla was negligent in disabling the speed limiter that Tesla had previously activated on the vehicle at Plaintiff's request, because it did so without obtaining James Riley's consent to disable it and without telling James Riley that it had been disabled. Plaintiff claims that this negligence was a legal cause of Barrett Riley's death.

There is no claim in this case that the Tesla vehicle or any of its component parts were defective or that any defect caused the fire.

Tesla denies that it was negligent in disabling the speed limiter or that the lack of a speed limiter was a cause of Barrett Riley's crash or death.

Tesla further claims that Barrett Riley was himself negligent in the operation and use of the subject vehicle, thereby causing or contributing to his death. Tesla also claims that Barrett's parents, James and Jenny Riley were negligent in allowing their 18-year-old teenage son to drive the vehicle when they aware of his history of speeding and reckless driving and that their negligence caused Barrett Riley's crash and death.

The parties must prove their claims by a preponderance of the evidence.

I will now define some terms you will use in deciding the case.

## RESPONSIBILITY FOR PROOF – PLAINTIFF'S CLAIMS – PREPONDERANCE OF THE EVIDENCE

In this case it is the responsibility of the Plaintiff to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

## **NEGLIGENCE**

Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.

## LEGAL CAUSE

a.  *Legal cause generally:*

Negligence is a legal cause of injury if it directly and in natural and continuous sequence produces or contributes substantially to producing such injury, so that it can reasonably be said that, but for the negligence, the injury would not have occurred.

b.  *Concurring cause:*

In order to be regarded as a legal cause of injury, negligence need not be the only cause. Negligence may be a legal cause of injury even though it operates in combination with the act of another, some natural cause, some other cause if negligence contributes substantially to producing such injury.

## ISSUES ON PLAINTIFF'S CLAIM

The issue for your consideration is whether Tesla was negligent in disabling the speed limiter from the vehicle, and if so, whether that negligence was a legal cause of Barrett Riley's death.

## DEFENSE ISSUES

If a preponderance of the evidence does not support Mr. Riley's claim, your verdict should be for Tesla.

If, however, a preponderance of the evidence supports Mr. Riley's claim, then you shall consider the defenses raised by Tesla.

The first issue for you to decide is whether Barrett Riley was himself negligent in the operation and use of the subject vehicle; and, if so, whether that negligence was a contributing legal cause of his death.

The second issue for you to decide is whether James Riley was negligent in allowing his 18-year-old son to operate the vehicle when Mr. Riley was aware of his history of speeding and reckless driving; and, if so, whether that negligence was a contributing legal cause of the death of Barrett Riley.

The third issue for you to decide is whether Jenny Riley was negligent in allowing her 18-year-old teenage son to operate the vehicle when Mrs. Riley was aware of his history of speeding and reckless driving; and, if so, whether that negligence was a contributing legal cause of the death of Barrett Riley.

## VIOLATION OF STATUTE AS EVIDENCE OF NEGLIGENCE

Section 316.183(1), Florida Statutes, provides: "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event, speed shall be controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance or object on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."

Violation of this statute is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that Barrett Riley violated this statute, you may consider that fact, together with the other facts and circumstances, in determining whether Barrett Riley was negligent.

## **BURDEN OF PROOF ON DEFENSE ISSUES**

If the preponderance of the evidence does not support any of Tesla's defenses and the preponderance of the evidence supports Plaintiff's claim, then your verdict should be for James and Jenny Riley in the total amount of their damages.

If, however, the preponderance of the evidence shows that Tesla and Barrett Riley, and/or James Riley and/or Jenny Riley were negligent and that the negligence of each contributed as a legal cause of Barrett Riley's death, you should decide and write on the verdict form what percentage of the total negligence or responsibility you apportion to each of them.

## **WRONGFUL DEATH DAMAGES: INTRODUCTION**

If your verdict is for Tesla, you will not consider the matter of damages. But if the preponderance of the evidence supports Plaintiff's claim, you should determine and write on the verdict form, in dollars, the total amount of damages which the preponderance of the evidence shows Barrett Riley's survivors sustained as a result of his death, including any damages that the survivors are reasonably certain to incur or experience in the future.

Under Florida law, the only survivors who are entitled to recover are Barrett Riley's parents. Accordingly, you may only award Jim and Jenny Riley damages for their injuries, and may not award them damages for injuries sustained by other family members.

## WRONGFUL DEATH DAMAGES

In determining any damages to be awarded to Barrett Riley's personal representative for the benefit of his parents, there is no exact standard for fixing the compensation to be awarded. Any such award should be fair and just in the light of the evidence regarding the following:

The mental pain and suffering of James and Jenny Riley as a result of the death of Barrett Riley. In determining the duration of any future loss sustained by James and Jenny Riley by reason of the death of Barrett Riley, you may consider the joint life expectancy of James and Jenny Riley and Barrett Riley. The joint life expectancy is that period of time when both the decedent and a survivor would have remained alive. The mortality tables received in evidence may be considered, together with the other evidence in the case, in determining how long each may have been expected to live.

## COMPARATIVE NEGLIGENCE, NON-PARTY NEGLIGENCE

In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of Barrett Riley, James Riley or Jenny Riley. The court in entering judgment will make any appropriate reductions.

## DUTY TO DELIBERATE WHEN ONLY THE PLAINTIFF CLAIMS DAMAGES

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case. Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone. Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with. Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## ELECTION OF FOREPERSON EXPLANATION OF VERDICT FORM

The jury has already elected a foreperson. The foreperson will direct your deliberations and speak for you in court. A verdict form has been prepared for your convenience. Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom. If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.